Filed in Open Court
07/24/2025
Skyler B. O'Hara
By M. Garrett
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 2:22-CR-20032-DDC-06

JASON SMITH,

    Defendant.

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Michelle McFarlane, and Jason Smith, the defendant, personally and by and through his counsel, Jane Francis, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 21 U.S.C. § 846 and 21 U.S.C. §§841(a)(1)&(b)(1)(A), that is, Conspiracy to Distribute and Possess with Intent to Distribute More Than Fifty Grams of Methamphetamine. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Third Superseding Indictment to which he has agreed to plead guilty is not less than 10 years and not more than life imprisonment, a $10,000,000 fine, not less than five years of supervised release, and a $100.00 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Beginning in February 2022, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and others started an investigation into criminal activity and methamphetamine trafficking in the Kansas City, Kansas area. An ATF source of information (SOI) provided information that Chaz Hicks was distributing large amounts of methamphetamine.

An ATF undercover officer (UC) purchased methamphetamine from Hicks on four occasions: April 21, 2022, April 28, 202, May 10, 2022 and May 25, 2022. All methamphetamine purchased from Hicks has been lab tested and confirmed to be methamphetamine. The investigation revealed Ernest Lucas lived at 875 Ruby and was a close associate of Hicks. Hicks visited a house at 875 Ruby Ave in Kansas City, Kansas (Lucas's house) in close proximity to the undercover buy on May 25. ATF put up an elevated security camera that allowed investigators to observe the street outside of 875 Ruby Ave on May, 11, 2022. ATF observed individuals engaged in drug trafficking outside the house on a daily basis. Hicks visited the house on an almost daily basis.

While monitoring the camera footage, ATF observed two cars, a Ford F-550 and a Gold Chevy Equinox arriving and parking outside of 875 Ruby on a consistent basis. A Kansas City Kansas Police Department (KCKPD) Officer stopped the Equinox on May 12 leaving 875 Ruby. Abraham Gallegos was identified as the driver of the Equinox, and had approximately $6,500 in the car. Utilizing various surveillance methods, ATF determined the F-550 and the Equinox were supplying Ernest Lucas with methamphetamine at 875 Ruby Ave. The individuals driving these cars were seen going directly from 875 Ruby to 3321 Mersington Ave, Kansas City, Missouri. The investigation revealed this house was a likely methamphetamine stash house.

On July 6, 2022, ATF served a search warrant at 875 Ruby Ave. Investigators located twelve firearms, ammunition, over $11,000 in cash, and approximately 274 grams of methamphetamine in various places in the house. Investigators also seized Lucas's cell phone. Also on July 6, 2022, investigators searched 3321 Mersington Ave and found approximately 102 pounds of methamphetamine, eight firearms, electronic scales and other drug paraphernalia in the house. It did not appear anyone was living in the house.

Investigators downloaded and extracted Lucas's cell phone. They noted some numbers using a 785, or Topeka, area code. ATF also reviewed pole camera footage and noted several instances where vehicles carrying Topeka license plates were captured outside of 875 Ruby Ave. In searching Lucas's phone, investigators identified a Topeka area phone number having drug related conversations with Lucas. ATF began matching the timing of the conversations with the pole camera footage from 875 Ruby. On June 19, 2022, a 785-phone number ending in 7834 messaged Lucas that he "just hit the block" and then agents observed on the recorded pole camera footage a White BMW with Topeka plates arrive at 875 Ruby three minutes later. The BMW was driven by a white man. That white man met with another white man who arrived at 875 Ruby in a Nissan just minutes before. The two men met with Lucas outside of 875 Ruby in an apparent drug deal. On July 1, 2022, the user of the phone sent a selfie to Lucas of him holding a stack of cash. He was identified as Spencer Allen.

Investigators determined that Allen is friends with a known drug dealer named Jason "Country" Smith. Smith's known phone number was saved as a contact in Lucas's phone. There was another number saved in Lucas's phone as "Usa", also believed to belong to Smith. ATF began matching the timing of conversations from both phone numbers with the pole camera footage from 875 Ruby. Smith was observed on the pole camera footage outside of Ruby on several occasions using different vehicles. Investigators determined Lucas was selling methamphetamine to both Smith and Allen at and outside of 875 Ruby Ave.

On January 26, 2023, Smith was arrested in Topeka, Kansas as part of an unrelated investigation. He agreed to an interview with law enforcement. He confirmed he purchased pound quantities of methamphetamine from Lucas, as often as a couple times a week, for about a year. He confirmed he and Allen often worked together with Lucas.

Jason Smith knowingly and intentionally conspired with others, including Spencer Allen and Ernest Lucas to distribute and possess with intent to distribute more than fifty grams of methamphetamine.

The parties agree that Jason Smith is neither a leader/organizer nor a minor/minimal participant. Mr. Smith agrees that he was an average participant in this conspiracy.

3. **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining counts of the Indictment at the time of sentencing;

3

(b)  to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(c)  to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward departure and/or a variance;

(d)  to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or

any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

9. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. §

3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

11. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The

United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

12.     **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

13.     **Voluntariness of Guilty Plea.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____        Date: 7/24/25
Michelle McFarlane
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904

7

913-551-6541 (fax)
Michelle.McFarlane@usdoj.gov
Kan. S. Ct. No. 26824


___*s/   D. Christophe Oakley*___          Date:___5/19/2025___
D. Christopher Oakley
Supervisory Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
Chris.Oakley@usdoj.gov
Kan. S. Ct. No. 19248

_____          Date:___7/24/2025___
Jason Smith
Defendant


_____          Date:___7/24/2025___
Jane Francis
Law Office of Jane Francis, LLC
6812 North Oak Trafficway, Suite 5
Kansas City, MO 64118
816-436-3100 x211
Fax: 816-436-8643
Email: jane@francislawofficellc.com
Counsel for defendant

8